## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST,<br><br>                       Plaintiff,<br><br>- against -<br><br>KUROSEMI INC.,<br><br>                      Defendant. | Adv. Pro. No. 25-_____(KBO) |

**COMPLAINT FOR TURNOVER OF ASSETS PURSUANT TO 11 U.S.C. § 542, VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362, DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502, BREACH OF CONTRACT, AND FOR DECLARATORY JUDGMENT**

1. Plaintiff FTX Recovery Trust, through its undersigned counsel, for its complaint against Defendant KUROSEMI INC. d/b/a Delysium ("Delysium" or "Defendant"), alleges the following based upon personal knowledge and upon its investigation to date as to itself and its own acts, and upon information and belief as to all other matters:

**NATURE OF THE CASE**

2. Plaintiff brings this adversary proceeding ("Adversary Proceeding") pursuant to Sections 105, 502, and 542 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") to recover $AGI tokens from Defendant. Plaintiff also brings a claim against Defendant for a violation of the automatic stay pursuant to Section 362 of the Bankruptcy

Code for Defendant's actions affecting property of the estate, a claim for a declaratory judgment pursuant to 28 U.S.C. § 2201, and a common law claim for breach of contract.

3. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On October 8, 2024, the Court entered an order confirming the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D. I. 26404] (the "Plan"), which became effective on January 3, 2025 [D.I. 29127] (the "Plan Effective Date").

4. Debtor Maclaurin Investment Ltd. f/k/a Alameda Ventures Ltd. ("Maclaurin") is a wholly owned subsidiary of Alameda Research Ltd., which is a wholly owned subsidiary of Debtor Alameda Research LLC. Prior to the filing of the Chapter 11 Cases, Maclaurin engaged in venture investing in early-stage companies in the cryptocurrency, blockchain, and fintech industries.

5. Upon the Plan Effective Date, all assets of Maclaurin and all the other FTX Debtors, including all claims and causes of action, were transferred to and vested in Plaintiff, a Delaware statutory trust operated for the benefit of creditors arising out of the collapse of FTX. Accordingly, Plaintiff has the authority to file this Complaint to commence, and thereafter to prosecute, this Adversary Proceeding.

6. Defendant KUROSEMI is a token issuer that issues the Delysium Governance Token, also known as Artificial General Intelligence token ("$AGI").

7. Before the launch of the $AGI token, Maclaurin purchased the right to receive $AGI tokens through a Simple Agreement for Future Tokens, which is an investment contract

2

offered by cryptocurrency developers to help fund new ventures including, as here, the development of new tokens.

8. Pursuant to a Simple Agreement for Future Tokens between Maclaurin and Defendant executed on January 24, 2022 (the "SAFT"), Maclaurin agreed to make an upfront cash payment in exchange for the right to receive $AGI tokens upon their launch. Maclaurin paid the equivalent of $1,000,000 in cryptocurrency for the right to receive 75,000,000 $AGI tokens once the token was launched, subject to an applicable unlocking schedule.

9. On January 27, 2022, Maclaurin paid a total of $1,000,000 USDC in satisfaction of its obligation under the SAFT.

10. The $AGI tokens launched on April 11, 2023. Under the terms of the unlocking schedule provided in the SAFT, all tokens were subject to a 12-month lockup period, defined in the SAFT as a Cliff period, after which time 20% of the tokens would unlock on the date of the first quarter end after the Cliff period expired, and the remainder of the $AGI tokens would unlock in 10% increments each quarter for the following eight quarters.

11. Pursuant to the unlocking schedule in the SAFT, the $AGI tokens began unlocking on June 30, 2024 and all of the $AGI tokens would have been fully unlocked and due to Maclaurin by June 30, 2026.

12. However, on May 10, 2024, Defendant announced that it was unilaterally extending the unlocking schedule from 24 months to 48 months. In the absence of any guidance from Defendant as to the frequency with which the $AGI tokens would unlock under this extended unlocking schedule, Plaintiff assumes that the $AGI tokens continue to vest quarterly and that Plaintiff is now entitled to receive 5% of the tokens each quarter through June 2028.

13. Defendant has not transferred any of the tokens Maclaurin is owed to date under the SAFT.

14. After the filing of the Chapter 11 Cases, Plaintiff's advisors repeatedly contacted Defendant on Plaintiff's behalf to seek the $AGI tokens owed to Plaintiff under the SAFT, but received no response.

15. Further, on October 27, 2023, Defendant publicly stated that it does not intend to transfer to Plaintiff any of the $AGI tokens Plaintiff is owed under the SAFT.

16. This Adversary Proceeding seeks the turnover of the $AGI tokens owed to Plaintiff to date and held by Defendant, as well as a declaratory judgment requiring Defendant to transfer the $AGI tokens to Plaintiff as the $AGI tokens unlock in the future.

17. Defendant also had an FTX.com account with an account number ending in -1931 ("Defendant's FTX.com Account").  After the Petition Date, Defendant filed a customer proof of claim number 1658 for $243,297, representing the Petition Date balance of Defendant's FTX.com Account.

18. Pursuant to Section 502(d) of the Bankruptcy Code, Plaintiff also seeks to disallow any claims filed or held by Defendant in these Chapter 11 Cases unless and until Defendant fully transfers the $AGI tokens currently owed to Plaintiff.

19. During the course of this Adversary Proceeding, Plaintiff may learn (through discovery or otherwise) of additional property of the Plaintiff subject to turnover under Section 542 of the Bankruptcy Code, or of transfers made to Defendant that are avoidable under applicable law.  Plaintiff intends to recover all such property.  Plaintiff reserves the right to amend this Complaint.

## JURISDICTION AND VENUE

20. This Adversary Proceeding relates to the Plaintiff's Chapter 11 Cases filed with this Court on the Petition Date. The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

21. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter final orders herein.

22. Venue of this Adversary Proceeding in this District is proper pursuant to 28 U.S.C. § 1409, and venue in this District is consistent with the interests of justice, judicial economy, and fairness.

23. The statutory predicates for the relief requested herein are Sections 105, 362, and 542 of the Bankruptcy Code.

24. This Adversary Proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure because, at a minimum, it seeks, among other things, to recover money or property belonging to the Debtors' Chapter 11 estates. Fed. R. Bankr. P. 7001(1).

25. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to the entry of final orders and judgments by the Court on these claims to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

26. Plaintiff FTX Recovery Trust is a Delaware statutory trust created and implemented pursuant to the Plan, and the sole owner by assignment of all rights and assets of Maclaurin under the Plan as confirmed by the Court.

27. Defendant Kurosemi Inc., d/b/a Delysium, is a company incorporated in Panama and headquartered in San Francisco, California. Defendant develops and operates a blockchain gaming system that utilizes Artificial General Intelligence technology. The Delysium game operates in a metaverse that relies on cryptocurrency for currency. In connection with the game, Defendant develops, issues, and operates $AGI tokens.

28. At all relevant times, the $AGI tokens have been issued and operated by Defendant.

## OTHER RELEVANT PERSONS

29. Maclaurin is a limited company incorporated in the Seychelles. It is a wholly owned subsidiary of Alameda Research Ltd., a British Virgin Islands company limited by shares.

30. Alameda Research Ltd. is a wholly owned subsidiary of Alameda Research LLC, a Delaware limited liability company.

## FACTUAL ALLEGATIONS

31. Prior to the filing of the Chapter 11 Cases, Maclaurin engaged in venture capital investing in the cryptocurrency, blockchain, and fintech industries. It primarily targeted seed to early-stage investments in companies with a geographic focus on Asia and North America.

32. Between 2020 and 2022, Maclaurin made a number of investments in decentralized finance business ventures.

33. Upon information and belief, by late 2021, Defendant had solicited Maclaurin and other entities to invest in the pre-launch $AGI token.

34. The $AGI token is the currency used in the Delysium gaming metaverse.

**I.      The SAFT**

35. On January 24, 2022, Maclaurin entered into a SAFT with Defendant.

36. Under the SAFT, Maclaurin agreed to make an upfront cash payment in exchange for the right to receive $AGI tokens once the token was actually launched. This event, defined in the SAFT as the "Network Launch," referred to Defendant's "bona fide public release of the Delysium Governance Token on the Ethereum blockchain as confirmed by the Company."

37. Pursuant to the SAFT, Maclaurin was entitled to receive a total of 75,000,000 $AGI tokens following launch, subject to an unlocking schedule. Under the SAFT's original unlocking schedule, the Network Launch triggered a one-year Cliff period, after which 20% of Maclaurin's tokens would unlock at the first quarter-end after the Cliff period expired. Once these tokens unlocked, 10% of Maclaurin's remaining tokens would unlock every quarter thereafter for eight quarters (through June 2026).

38. On January 27, 2022, Maclaurin paid a total of $1,000,000 USDC[1] in satisfaction of its obligation under the SAFT.

39. The Network Launch occurred on April 11, 2023, when the $AGI token was launched.[2] This triggered the 12-month Cliff period, which expired 12 months later on April 11, 2024.

40. On May 10, 2024, Defendant announced that it had unilaterally extended the unlocking schedule in the SAFT from 24 months to 48 months ("Extended Unlocking

---

[1] USDC is a stablecoin digital currency maintained by Circle Internet Financial, LLC that is pegged to the value of the U.S. Dollar and backed by cash and other liquid assets. USDC is redeemable 1:1 for U.S. dollars. *See, e.g.*, *USDC*, CIRCLE, https://www.circle.com/usdc (last visited Mar. 31, 2025).

[2] *See*, *e.g.*, *Tokenomics*, AGI COMMUNITY, https://AGI.community/tokenomics (last visited Mar. 13, 2025).

Schedule"), so that all $AGI tokens would now be unlocked in June 2028, rather than June 2026 as provided in the SAFT.[3]

41.     The first quarter-end after the Cliff period expired was June 30, 2024.  On this date, Maclaurin was entitled to receive 15,000,000 $AGI tokens under the terms of the SAFT.

42.     Pursuant to the SAFT as modified by the Extended Unlocking Schedule, beginning on September 30, 2024, Plaintiff was supposed to have received an additional 3,750,000 $AGI tokens every quarter-end until June 30, 2028, at which point Maclaurin would have received all of the $AGI tokens it was owed under the SAFT.

43.     To date, Defendant has not transferred any of the $AGI tokens owed to Plaintiff under the SAFT, which Plaintiff calculates as 26,250,000 $AGI tokens owed to it as of the date of the filing of this Complaint.

44.     On October 27, 2023, the moderator of the Delysium Discord channel wrote: "Due to [FTX's] bankruptcy, we will not be allocating them the tokens."

45.     Plaintiff is currently owed 26,250,000 $AGI tokens under the SAFT's Extended Unlocking Schedule, and Plaintiff is owed an additional 3,750,000 $AGI tokens each quarter until June 2028 (an additional 48,750,000 $AGI tokens).

46.     Between June 30, 2024, and the filing of this Complaint, the value of the $AGI token has ranged from $0.046 to $0.26 per token.

## II.     Attempted Communication with Defendant

47.     After filing of the Chapter 11 Cases, and on multiple occasions, Plaintiff's advisors attempted to contact Defendant seeking the $AGI tokens owed to Plaintiff to date.

---

[3]     Distribution and Allocation, DELYSIUM WHITEPAPER, https://delysium.gitbook.io/whitepaper/technical-overview/tokenomics/distribution-and-allocation (last visited Apr. 11, 2025).

48.     Between January 2023 and October 2024, Plaintiff's advisors reached out to Defendant at least thirteen times via email and direct LinkedIn messages. Defendant did not respond to any of these messages.

### III.    The FTX Recovery Trust Attains Standing to Sue Defendant

49.     On October 8, 2024, the Court entered an order confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates [D. I. 26404] (the "Plan"), which became effective on January 3, 2025 [D.I. 29127] (the "Plan Effective Date").

50.     Upon the Plan Effective Date, all rights and assets of the FTX Debtors, including all claims and causes of action of Maclaurin, were transferred to and vested in Plaintiff FTX Recovery Trust pursuant to sections 5.7 and 5.17 of the Plan, and paragraph 51 of the Plan confirmation order.

51.     Section 542(a) of the Bankruptcy Code mandates that "an entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

52.     The $AGI tokens are property of the Debtors' estate pursuant to Section 541(a)(1) of the Bankruptcy Code, which defines "property of the estate" to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case," "wherever located and by whomever held." 11 U.S.C. § 541(a).[4]

---

[4]     In addition, insofar as Defendant qualifies as a custodian under Bankruptcy Code section 543, it is obligated to "deliver to the [Debtors] any property of the debtor held by or transferred to such custodian, or proceeds,

9

53. "Congress intended that property of the estate be broadly inclusive of all interests that the debtor has under state law." *In re Barksdale*, 281 B.R. 548, 551 (Bankr. D.N.J. 2002). "[T]he Bankruptcy Code is not concerned with the 'technicalities of title' when it comes to determining property of the estate." *In re NJ Affordable Homes Corp.*, 2006 WL 2128624, at *8 (Bankr. D.N.J. June 29, 2006) (cleaned up). Instead, property belongs to the estate where the debtor controls the property or otherwise indicates its "legal or equitable interests" in the property. *E.g.*, *In re Schwartz*, 2014 WL 2621114, at *5 (Bankr. D.N.J. June 12, 2014) (holding that bank account not in debtor's name was nevertheless property of the estate where debtor funded account, showed "ownership, control, and interest" in account, and money "functionally belonged" to debtor).

## CAUSES OF ACTION

### COUNT ONE
### TURNOVER CLAIM PURSUANT TO 11 U.S.C. § 542

54. Plaintiff repeats and realleges the allegations in paragraphs 1 through 53 as if fully set forth here.

55. As alleged above, Defendant continues to withhold $AGI tokens owed to Plaintiff, which are Plaintiff's assets, that are not of inconsequential value. Plaintiff seeks an order from the Court directing Defendant to turn over all $AGI tokens owed to Plaintiff to date under the SAFT pursuant to Bankruptcy Code Section 542(a), which are Plaintiff's property pursuant to Bankruptcy Code Section 541(a)(1). Plaintiff seeks turnover of the 26,250,000 $AGI tokens owed to it as of the date of the filing of the Complaint.

---

product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case." 11 U.S.C. § 543(b).

56. The relief requested also is authorized under the Court's equitable powers codified in section 105(a) of the Bankruptcy Code. Pursuant to that section, this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

## COUNT TWO
### VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(a)(3), (k)

57. Plaintiff repeats and realleges the allegations in paragraphs 1 through 53 as if fully set forth here.

58. Section 362(a)(3) of the Bankruptcy Code provides, in relevant part, that a petition "filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

59. Plaintiff's $AGI tokens withheld by Defendant comprise property of the Debtors' estate under Section 541 of the Bankruptcy Code. *See* 11 U.S.C. § 541(a)(1) (Estate property is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case").

60. Section 362(k) of the Bankruptcy Code permits an individual injured by a willful violation of the automatic stay to recover "actual damages, including costs and attorneys' fees, and, in appropriate circumstances, [to] recover punitive damages." *See* 11 U.S.C. § 362(k)(1).

61. Defendant's decision to withhold from Plaintiff $AGI tokens owed to Maclaurin under the SAFT warrants both actual and punitive damages to be determined by the Court based on the depletion of estate assets, including any losses in value of the $AGI tokens withheld by Defendant resulting from Defendant's actions, as well as costs and attorneys' fees.

## COUNT THREE
## DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

62. Plaintiff repeats and realleges the allegations in paragraphs 1 through 53 as if fully set forth here.

63. Defendant's FTX.com Account was opened in the name of Kurosemi, Inc. using the email address c@ret.ai. After the Petition Date, Defendant filed a customer proof of claim number 1658 for $243,297, representing the Petition Date balance of Defendant's FTX.com Account.

64. As alleged above, Defendant is an entity from which property is recoverable under Section 542 of the Bankruptcy Code, and, upon information and belief operates and controls the FTX.com customer account ending in -1931 and associated with Claim No. 1658.

65. By reason of the foregoing facts and pursuant to Section 502(d) of the Bankruptcy Code, any claims of Defendant, or persons or entities affiliated with or controlled by Defendant, that have been or will in the future be asserted in these Chapter 11 Cases should be disallowed unless and until Defendant has relinquished to Plaintiff the property, or has paid Plaintiff the value of such property, for which and to the extent that the Court has determined Defendant is liable pursuant to 11 U.S.C. § 542.

## COUNT FOUR
## COMMON LAW BREACH OF CONTRACT UNDER HONG KONG LAW

66. Plaintiff repeats and realleges the allegations in paragraphs 1 through 53 as if fully set forth here.

67. On January 24, 2022, Maclaurin and Defendant entered into the valid and legally binding SAFT.

68. The SAFT required Defendant to deliver 75,000,000 $AGI tokens to Plaintiff following Network Launch, subject to an unlocking schedule that Defendant unilaterally extended through June 2028.

69. The Network Launch occurred on April 11, 2023. Per the Extended Unlocking Schedule, to date, Defendant was obligated to have transferred to Plaintiff 26,250,000 $AGI tokens.

70. Maclaurin fulfilled its obligation under the SAFT when it remitted $1,000,000 USDC to Defendant on January 27, 2022.

71. To date, Defendant has not delivered *any* of the 26,250,000 $AGI tokens owed to Plaintiff under the SAFT.

72. As of April 27, 2025, the $AGI tokens are valued at approximately $0.068 per token. Between June 30, 2024, and the date of this filing, the $AGI token reached a peak value of $0.26 per token.

73. Had Defendant provided to Plaintiff the $AGI tokens owed to it under the Extended Unlocking Schedule, Plaintiff could have realized up to approximately $5,800,000 by selling the $AGI tokens at the post-unlocking price peaks.

74. As a direct and proximate result of Defendant's breach of the SAFT, Plaintiff has been damaged and suffered losses.

**COUNT FIVE**
**DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201**

75. Plaintiff repeats and realleges the allegations in paragraphs 1 through 53 as if fully set forth here.

76. As alleged above, Defendant refuses to provide to Plaintiff the $AGI tokens that it is currently owed under the SAFT. On October 27, 2023, Defendant publicly stated its intent not

13

to comply with its obligations to deliver $AGI tokens to Plaintiff under the SAFT, which includes the additional 48,750,000 $AGI tokens that Plaintiff will be owed under the SAFT by June 2028.

77. Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiff is entitled to a judgment declaring that Defendant will transfer to Plaintiff all remaining $AGI tokens as they become unlocked in accordance with the Extended Unlocking Schedule.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

78. Enter an order under 11 U.S.C. §§ 542 and 105(a) directing the turnover of all $AGI tokens owed to Plaintiff to date;

79. Enter an order under 11 U.S.C. § 362(k) awarding actual and punitive damages to Plaintiff for Defendant's violation of the automatic stay;

80. Enter an order under 11 U.S.C. § 502(d) disallowing any and all claims filed or held by Defendant in these Chapter 11 Cases unless and until Defendant relinquishes to Plaintiff the amount ordered as an award for property withheld;

81. Enter an order requiring that Defendant specifically perform its obligations under the SAFT by transferring all $AGI tokens owed to Plaintiff to date;

82. Enter an order requiring Defendant to pay Plaintiff compensatory damages for breach of the SAFT, in an amount to be determined at trial;

83. Enter a judgment declaring that Defendant will transfer to Plaintiff all remaining $AGI tokens as they become unlocked in accordance with the Extended Unlocking Schedule;

84. Award Plaintiff its attorneys' fees, pre- and post-judgment interests, and costs of suit; and

85. Award Plaintiff all other relief, at law or equity, to which it may be entitled.

| | |
|---|---|
| Dated: April 28, 2025<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew B McGuire*<br>Adam G. Landis (No. 3407)<br>Richard S. Cobb (No. 3157)<br>Matthew B. McGuire (No. 4366)<br>Howard W. Robertson IV (No. 6903)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>           cobb@lrclaw.com<br>           mcguire@lrclaw.com<br>           robertson@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Stephanie G. Wheeler (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Christopher J. Dunne (admitted *pro hac vice*)<br>Jacob M. Croke (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: wheelers@sullcrom.com<br>           gluecksteinb@sullcrom.com<br>           dunnec@sullcrom.com<br>           crokej@sullcrom.com<br><br>*Counsel for the Plaintiff FTX Recovery Trust* |