# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>KUROSEMI INC.,<br><br>　　　　　　　　　Defendant. | Adv. Pro. No. 25-50635 (KBO) |

**MOTION OF FTX RECOVERY TRUST FOR LEAVE TO FILE
SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

　　　　The FTX Recovery Trust ("<u>Plaintiff</u>") respectfully submits this motion for leave to file a short sur-reply (the "<u>Sur-Reply</u>") to address new arguments and information, including foreign law expert testimony, made for the first time in *Defendant's Reply in Support of Defendant's Motion to Dismiss Complaint or, in the Alternative, Motion to Compel Arbitration* [Adv. D.I. 43] (the "<u>Reply</u>").  The proposed Sur-Reply is attached hereto as **<u>Exhibit A</u>**.  In support of this motion, Plaintiff states as follows:

　　　　1.　　Rule 7007-2(b)(ii) of the Local Rules of this Court provides that "[t]he party filing the opening brief may not reserve material for the reply brief that should have been included in a full and fair opening brief."  Where, as here, a party raises "new evidence, facts, or arguments" on reply, courts will routinely grant the opposing party leave to file a sur-reply.  *St. Clair Intell. Prop. Consultants, Inc.* v. *Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013); *see EMC Corp.* v. *Pure Storage, Inc.*, 154 F. Supp. 3d 81, 103 (D. Del. 2016) (same).

2.      In its Reply, Kurosemi Inc., d/b/a Delysium ("<u>Defendant</u>") advances new arguments and introduces new evidence in support of its motion to dismiss [Adv. D.I. 16, 18]. After failing to submit a foreign law declaration with its opening brief, Defendant submits for the first time on Reply the Declaration of David M. Mizrachi, a purported expert on Panamanian law [Adv. D.I. 43 Ex. 1] (the "<u>Mizrachi Declaration</u>"). The Mizrachi Declaration belatedly offers impermissible opinion testimony on issues that are within the exclusive province of the Court to decide. For example, Mizrachi presents his "opinion" that the "SAFT Agreement's arbitration clause leaves no doubt of the parties['] 'consent to arbitrate.'" (Mizrachi Decl. ¶ 27.) Mizrachi repeatedly opines on what the "parties intended and consented to," including through his "simple review" of the "plain language" of the arbitration clause, which he asserts "clearly and unequivocally" shows that the parties intended to arbitrate. (Mizrachi Decl. ¶ 30).[1]

3.      Mizrachi's opinions exceed the proper scope of a foreign law declarant and disregard this Court's unequivocal instruction that such witnesses "*may not* make factual determinations," "offer legal conclusions," or "apply the law to the facts of the case." *In re Alto Maipo SpA*, 645 B.R. 48, 58 (Bankr. D. Del. 2022) (Owens, C.J.) (emphasis added) (citing *Nkansah* v. *Kleinbard LLC*, 2022 WL 843486, at *5 (3d Cir. Mar. 22, 2022); 9A *Wright & Miller's Federal Practice & Procedure* § 2444 (3d ed.)). Plaintiff's Sur-Reply seeks to explain why the Court should "place[] little or no credence" in this improper testimony. *Philips* v. *Telitiot Sols., Inc.*, 2023 WL 8559025, at *2 (D. Del. Dec. 11, 2023) (citation omitted).

4.      The Mizrachi Declaration also contains improper opinions concerning issues of service of process. Mizrachi impermissibly (and belatedly) opines on the validity of Plaintiff's

---

[1]      *See also* Mizrachi Decl. ¶ 29 ("[N]othing in said arbitration clause is in any way obscure or casts doubt upon the parties' intention to arbitrate."); ¶ 54 (same); ¶ 51 ("That is clearly a drafting mistake."); ¶ 53 (opining that "[a]ny doubts regarding the intent of the parties to arbitrate completely disappear" when the reader disregards the conflicting venue provision in the first half of the paragraph).

service of the complaint on Yuheng Chen in California, an issue governed by Federal Rule of Civil Procedure 4(h)(1)(B), not by Panamanian law. He further purports to opine on the validity of Plaintiff's service of the complaint on Defendant in Panama under the Inter-American Convention on Letters Rogatory and Additional Protocol (the "IACAP"); however, the interpretation of an international treaty to which the United States is a party does not present questions of foreign law. Defendant's argument on Reply that Plaintiff violated the IACAP is also incorrect, as is Defendant's reliance on *Volkswagenwerk Aktiengesellschaft* v. *Schlunk*, 486 U.S. 694, 699 (1988). Unlike the Hague Convention at issue in *Volkswagenwerk*, courts have consistently held that the IACAP is not the exclusive means for effecting service of process abroad. *See, e.g.*, *Kreimerman* v. *Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 640-44 (5th Cir. 1994), *cert denied*, 115 S. Ct. 577 (1994).

5. On Reply, Defendant also submits a supplemental declaration from Yan "Jerry" Zhang [Adv. D.I. 43 Ex. 2] (the "Zhang Reply Declaration"), which includes new, speculative assertions, made without personal knowledge or any factual basis, intended to downplay Defendant's connections to the United States. Plaintiff should be permitted to respond to the speculative statements that Zhang offers in violation of both the Federal Rules of Civil Procedure and the Federal Rules of Evidence. *See* Fed. R. Civ. P. 56(c)(4) (a declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the [] declarant is competent to testify on the matters stated"); Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). The Zhang Reply Declaration attempts to explain away Defendant's significant U.S. connections by speculating as to (i) why other directors of Defendant "may" have failed to update LinkedIn profiles reflecting that they still reside or work in the U.S,

(ii) why Defendant's LinkedIn profile states that Defendant was headquartered in San Francisco, and (iii) why Defendant's press releases were issued out of New York and Los Angeles. (Zhang Reply Decl. ¶¶ 2, 3, 10.) Zhang offers no evidence establishing that he is competent to testify about how the locations on LinkedIn pages and press releases might be generated or whether and why his fellow directors may have failed to update their LinkedIn pages, and Zhang fails to provide any factual bases for his "understand[ing]" or purported "knowledge" on such topics. (*Id.*)

6. Zhang also endeavors to undermine Plaintiff's proper service of process by speculating as to why the individual served, Yuheng Chen, had referred to himself as CEO of Defendant on Defendant's proof of claim filed in the FTX bankruptcy. (Zhang Reply Decl. ¶ 9 (speculating that Mr. Chen may have called himself CEO "because that was the position he held when creating the FTX account or, alternatively, out of habit")); *see Ne. Revenue Servs., LLC* v. *Maps Indeed, Inc.*, 2015 WL 1963170, at *5 (M.D. Pa. Apr. 30, 2015) ("Witness testimony is not admissible if it is based on speculation of what a third party believed or knew."). Plaintiff's Sur-Reply explains why these and other portions of Zhang's testimony, which rely on "suppositions, assumptions and unsupported conclusions," must be disregarded. *Warman* v. *Loc. Yokels Fudge, LLC*, 2024 WL 1285941, at *7-8 (W.D. Pa. Mar. 26, 2024).

7. Plaintiff's eight-page Sur-Reply responds directly to the "new evidence, facts, [and] arguments" described above, and thus, "will allow the Court to more fully and fairly evaluate Defendants' pending motion to dismiss." *St. Clair Intell. Prop. Consultants, Inc.*, 291 F.R.D. at 80.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the proposed order attached hereto as **Exhibit B** granting leave to file the proposed Sur-Reply.

Dated: November 12, 2025
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
Matthew B. McGuire (No. 4366)
Howard W. Robertson, IV (No. 6903)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email:  landis@lrclaw.com
cobb@lrclaw.com
mcguire@lrclaw.com
robertson@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Stephanie G. Wheeler (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Jacob M. Croke (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email:  wheelers@sullcrom.com
gluecksteinb@sullcrom.com
crokej@sullcrom.com

*Counsel for Plaintiff FTX Recovery Trust*