**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| FTX RECOVERY TRUST, | |
| Plaintiff, | |
| - against - | Adv. Pro. No. 25-50635 (KBO) |
| KUROSEMI INC., | |
| Defendant. | **Re: Docket No. 52** |

**DEFENDANT'S OPPOSITION TO
MOTION OF FTX RECOVERY TRUST FOR LEAVE TO FILE
<u>SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>**

Dated: November 26, 2025

| | |
|---|---|
| Gregory S. Grossman, Esq. (admitted *pro hac vice*) | R. Stephen McNeill (No. 5210) |
| Joseph Rome, Esq. (admitted *pro hac vice*) | Ethan H. Sulik (No. 7270) |
| **SEQUOR LAW** | **POTTER ANDERSON &** |
| 1111 Brickell Avenue, Suite 1250 | **CORROON LLP** |
| Miami, Florida 33131 | 1313 N. Market Street, 6th Floor |
| Telephone: (305) 372-8282 | Wilmington, Delaware 19801 |
| Email: ggrossman@sequorlaw.com | Telephone: (302) 984-6000 |
|       jrome@sequorlaw.com | Email: rmcneill@potteranderson.com |
| |       esulik@potteranderson.com |

*Counsel for Kurosemi Inc.*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT .................................................................................................................................... 2

I. THE MOTION SHOULD BE DENIED BECAUSE IT IMPROPERLY ATTEMPTS TO BACK-DOOR A REQUEST FOR ALTERNATIVE SERVICE FOR WHICH IT FAILED TO MOVE. ................................................................................................................... 2

II. THE MIZRACHI DECLARATION NARROWLY RESPONDS TO FTX'S NEW ARGUMENTS IN ITS OPPOSITION TO THE MOTION TO DISMISS. ........................ 3

    A. The Mizrachi Declaration Properly Rebuts the New Arguments Raised by FTX's Panamanian Law Expert and Is Admissible Under Rule 44.1. .............................. 4

    B. The Mizrachi Declaration Properly Discusses Panamanian Rules on Service of Process. ............................................................................................................. 7

III. THIS COURT CAN AND SHOULD CONSIDER THE 2ND ZHANG DECLARATION .................................................................................................................. 9

CONCLUSION ................................................................................................................................ 11

i

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Allscripts Healthcare, LLC v. Andor Health, LLC*,
   No. 21-704-MAK, 2022 U.S. Dist. LEXIS 134924 (D. Del. July 29, 2022)............................4

*In re Alto Maipo SpA*,
   645 B.R. 48 (Bankr. D. Del. 2022) .......................................................................................6

*Base Metal Trading SA v. Russian Aluminum*,
   253 F. Supp. 2d 681 (S.D.N.Y. 2003), *aff'd sub nom.*, *Base Metal Trading Ltd. v. Russian Aluminum*, 98 F. App'x 47 (2d Cir. 2004).................................................................................6

*Excel Fortress Ltd. v. Wilhelm*,
   No. CV-17-04297-PHX-DWL, 2019 WL 163,252 (D. Ariz. Jan. 9, 2019) ...........................5

*Fabricant v. Elavon, Inc.*,
   2021 WL 1593238 (C.D. Cal. Mar. 8, 2021)........................................................................5

*Gaete v. Arctic Glacier Premium Ice*,
   2025 U.S. Dist. LEXIS 35070 (E.D. Pa. Feb. 27, 2025) .....................................................10

*In re Hechinger Inv. Co. of Del., Inc.*,
   308 B.R. 683 (Bankr. D. Del. 2003) ....................................................................................7

*Hoof v. Ayahuasca Found.*,
   2024 WL 5496876 (D. Colo. June 25, 2024).......................................................................3

*ID Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc.*,
   198 F. Supp. 2d 598 (E.D. Pa. 2002) ...................................................................................5

*Integr8 Fuels, Inc. v. OW Bunker Panama SA*,
   2017 WL 11455309 (S.D.N.Y. Feb. 2, 2017)......................................................................3

*Kabbaj v. Simpson*,
   2013 U.S. Dist. LEXIS 55582 (D. Del. Mar. 7, 2013) ........................................................2

*Kreimerman v. Casa Veerkamp, S.A. de C.V.*,
   22 F.3d 634 (5th Cir. 1994) ..................................................................................................8

*Liberty Media Holdings, LLC v. Vinigay.com*,
   2011 WL 810250 (D. Ariz. Mar. 3, 2011)...........................................................................3

*Ne. Revenue Servs., LLC v. Maps Indeed, Inc.*,
   2015 WL 1963170 (M.D. Pa. Apr. 30, 2015)....................................................................10

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*,
    263 F. Supp. 3d 498 (D. Del. 2017) ........................................................................... 10

*Philips N.V. v. Telitiot Sols., Inc.*,
    No. CV 20-1708-CFC, 2023 WL 8559025 (D. Del. Dec. 11, 2023) .......................... 6

*PHL Variable Ins. Co. v. Alan Wollman Ins. Tr.*,
    2010 U.S. Dist. LEXIS 71593 (D. Del. July 16, 2010) .............................................. 2

*Pizzabiocche v. Vinelli*,
    772 F. Supp. 1245 (M.D. Fla. 1991) .......................................................................... 8

*Qorvo, Inc. v. Akoustis Techs., Inc.*,
    No. 1:21-cv-01417-JPM, 2024 U.S. Dist. LEXIS 237641 (D. Del. Aug. 28, 2024) ... 9

*Rockwell Automation, Inc. v. Eu Automation, Inc.*,
    2022 U.S. Dist. LEXIS 100307 (D. Del. June 7, 2022) ............................................ 10

*SEC v. Secure Cap. Funding Corp.*,
    2011 WL 13143573 (D.N.J. Oct. 12, 2011) ................................................................ 3

*Shire ViroPharma Inc. v. CSL Behring LLC*,
    2021 WL 1227097 (D. Del. Mar. 31, 2021) ............................................................... 4

*St. Pierre v. Dyer*,
    21 F. Supp. 2d 138 (N.D.N.Y. 1998), *vacated on other grounds*, 208 F.3d 394 (2d Cir. 2000)
    ..................................................................................................................................... 3

*Wang v. Injective Labs Inc.*,
    2025 WL 1825571 (D. Del. June 26, 2025) ............................................................... 4

*Warman v. Loc. Yokels Fudge, LLC*,
    2024 WL 1285941 (W.D. Pa. Mar. 26, 2024) .......................................................... 10

*Wiegand v. Driscoll*,
    No. 1:17-CV-979, 2025 U.S. Dist. LEXIS 213762 (M.D. Pa. Oct. 30, 2025) ........... 9

*Wilmot v. Marriott Hurghada Mgmt., Inc.*,
    No. CV 15-618-RGA-MPT, 2016 WL 2599092 (D. Del. May 5, 2016), *report and recommendation adopted*, No. CV 15-618-RGA-MPT, 2016 WL 3457007 (D. Del. June 22, 2016), *aff'd* 712 F. App'x 200 (3d Cir. 2017) ........................................................... 5

*Winn v. Schafer*,
    499 F. Supp. 2d 390 (S.D.N.Y. 2007) ........................................................................ 5

**RULES**

Fed. R. Bankr. P. 9017 ......................................................................................................... 4

Fed. R. Civ. P. 4 ............................................................................................................. 3, 8

Fed. R. Civ. P. 44.1 .................................................................................................... 4, 5, 6

Fed. R. Evid. 702 ........................................................................................................... 4, 5

Fed. R. Evid. 704 ........................................................................................................... 5, 6

**OTHER AUTHORITY**

Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2444 (3d ed.) ........................................... 6

Kurosemi Inc. ("Defendant" or "Kurosemi") files this opposition to the Motion of FTX Recovery Trust ("Plaintiff" or "FTX") for Leave to File Sur-Reply in Further Opposition to Defendant's Motion to Dismiss, A.D.I. 52 (the "Motion")[1], and states:

## PRELIMINARY STATEMENT

Nearly a month after briefing was completed on Kurosemi's Motion to Dismiss, *see* A.D.I. 46 (Notice of Completion of Briefing), and nearly a month after FTX requested oral argument on the Motion to Dismiss, A.D.I. 45, FTX filed the Motion seeking leave to file a sur-reply purportedly to address new arguments and evidence raised by Kurosemi in its Reply. A.D.I. 52.

FTX's Motion should be denied. First, FTX seeks to use the proposed sur-reply as a back-door request to authorize alternative service on Kurosemi, but a sur-reply is not meant as a vehicle to seek relief unrelated to the underlying motion for which a respondent failed to properly move. Second, FTX fails to explain why the evidence included in Kurosemi's Reply—namely, the declaration of Panamanian law expert David Mizrachi ("Mizrachi Declaration") and the second declaration of Jerry Zhang ("2nd Zhang Declaration")—was improper when both declarations directly responded to unanticipated arguments raised for the first time in FTX's Opposition and were in further support of the same legal arguments that Kurosemi had made in its original Motion to Dismiss. FTX cannot now quibble that Kurosemi has responded to arguments that FTX itself raised but failed sufficiently to defend in its Opposition.

---

[1] Docket Entries in this Adversary Proceeding are cited as A.D.I. #. Docket Entries in the main bankruptcy case are cited as D.I. #. Capitalized terms herein have the same meaning given to them in Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss Complaint or, in the Alternative, Motion to Compel Arbitration, A.D.I. 18 ("Motion to Dismiss") and Defendant's Memorandum of Law in Support of Defendant's Reply in Support of Defendant's Motion to Dismiss Complaint or, in the Alternative, Motion to Compel Arbitration, A.D.I. 43 ("Reply").

1

**ARGUMENT**

The purpose of a sur-reply is not to "allow similar arguments repetitive of prior arguments in the answering brief, or [that] could have been raised in the answering brief." *Kabbaj v. Simpson*, 2013 U.S. Dist. LEXIS 55582, *24-25 (D. Del. Mar. 7, 2013) (denying leave to file sur-reply where plaintiff repeated arguments made in his answering brief); *PHL Variable Ins. Co. v. Alan Wollman Ins. Tr.*, 2010 U.S. Dist. LEXIS 71593, *3 (D. Del. July 16, 2010) (same).

**I.     THE MOTION SHOULD BE DENIED BECAUSE IT IMPROPERLY ATTEMPTS TO BACK-DOOR A REQUEST FOR ALTERNATIVE SERVICE FOR WHICH IT FAILED TO MOVE.**

FTX buries in the proposed sur-reply a request for an order authorizing alternative service on Kurosemi. Mot. Ex. A § II.C. This request is wholly inappropriate because, as FTX itself admits, a sur-reply is only meant to address new issues or legal arguments asserted for the first time on reply. *See* Mot. at 1; *see also Kabbaj*, 2013 U.S. Dist. LEXIS 55582, at *24-25. This Court should deny the Motion on this ground alone.

Aside from the manifestly improper use of a sur-reply to move for authorization to serve process by alternate means, FTX's request for alternative service is half-baked. FTX attempted service in California more than six months ago, and then sought to serve Kurosemi in Panama without any regard for Panamanian law or attempting to seek permission from this Court of the proper procedures under the Inter-American Convention on Letters Rogatory and Additional Protocol (the "IACAP"). FTX now complains that having to serve Kurosemi through the IACAP "would cause significant delay," but such delay is of FTX's own making. Mot. Ex. A at 5. FTX cannot point to any evasion of service by Kurosemi. FTX should not be able to benefit from its own delay and disregard of proper procedure. Moreover, FTX cites to Mr. Mizrachi's testimony in *SEC v. Secure Capital Funding Corp.* to argue that service in Panama can take a long time, but that case issued a letter rogatory for use under the IACAP and authorized the alternative service of

2

process "by Plaintiff's Panamanian counsel" in Panama according to Panamanian procedures, not the email service or service on U.S. counsel the sur-reply requests. Mot. Ex. A. at 5 (citing 2011 WL 13143573, at *2 (D.N.J. Oct. 12, 2011)).

FTX cites to three cases as examples of cases where courts have issued orders authorizing alternative service where the defendant resides in a IACAP signatory nation. *See Liberty Media Holdings, LLC v. Vinigay.com*, 2011 WL 810250, at *4 (D. Ariz. Mar. 3, 2011); *Hoof v. Ayahuasca Found.*, 2024 WL 5496876, at *2 (D. Colo. June 25, 2024); and *Integr8 Fuels, Inc. v. OW Bunker Panama SA*, 2017 WL 11455309, at *2 (S.D.N.Y. Feb. 2, 2017). Unlike the plaintiffs in these cases, FTX never filed a motion requesting that this Court authorize alternative service *before* it attempted to serve Kurosemi in Panama. As the court in *Integr8* made clear, alternative service under Fed. R. Civ. P. 4(f)(3) may only be effected "as the court orders" and as such, alternative service cannot be authorized retroactively, and, again, a sur-reply is not the correct mechanism to seek such relief. 2017 WL 11455309, at *3 (collecting cases).

II.  **THE MIZRACHI DECLARATION NARROWLY RESPONDS TO FTX'S NEW ARGUMENTS IN ITS OPPOSITION TO THE MOTION TO DISMISS.**

In its Motion, FTX asserts that Kurosemi has advanced "new arguments" and introduced "new evidence" in its Reply, pointing to the Mizrachi Declaration and the 2nd Zhang Declaration. Mot. at 2. The Mizrachi declaration replies to two arguments in the Opposition that Kurosemi could not reasonably anticipate—a declaration from a Panamanian lawyer misstating Panamanian law, and a frivolous new attempt to improperly serve Kurosemi in Panama *after* the Motion to Dismiss was filed.[2]

---

[2] FTX seeks to fault Kurosemi for not providing a Panamanian law declaration in its initial motion. But an expert is not required to prove foreign law, and the only point of Panamanian law relevant to the motion to dismiss was amply shown by statute. *See St. Pierre v. Dyer*, 21 F. Supp. 2d 138 (N.D.N.Y. 1998), *vacated on other grounds*, 208 F.3d 394 (2d Cir. 2000) (expert testimony is not required to establishing foreign law).

3

### A. The Mizrachi Declaration Properly Rebuts the New Arguments Raised by FTX's Panamanian Law Expert and Is Admissible Under Rule 44.1.

The proposed sur-reply never seeks to defend FTX's expert, Claudio de Castro, whose declaration presented only a partial explanation of Panamanian arbitration and contract law. *See* A.D.I. 43-1 ¶¶ 19-29 (explaining the De Castro Declaration's omission of important language from Panama's Arbitration Law). The sur-reply does not address this substantive argument, instead attacking the Mizrachi Declaration on evidentiary grounds.

FTX's evidentiary challenges to the Mizrachi Declaration are misplaced. First, FTX complains that the Mizrachi Declaration "exceed[s] the proper scope of a foreign law declarant." Mot. at 3. But the Court has wide discretion "[i]n determining foreign law, [and] the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1.[3] Thus, the Court may consider both the Mizrachi Declaration and the De Castro Declarations in full, and simply weigh the arguments in both that it considers persuasive.

FTX's proposed sur-reply confuses foreign law "experts" with Evidence Rule 702 experts. FTX argues, for example, that experts "may not testify about their interpretation of a contract," but the case FTX cites for that principle expressly excluded foreign law experts from its analysis. Mot. Ex. A. at 3 (citing *Allscripts Healthcare, LLC v. Andor Health, LLC*, No. 21-704-MAK, 2022 U.S. Dist. LEXIS 134924, at *38 n.72 (D. Del. July 29, 2022) ("We fail to see how Rule 44.1 applies" to claims under Delaware law)). FTX cites other cases that similarly fail to discuss foreign law experts. *See Wang v. Injective Labs Inc.*, 2025 WL 1825571, at *13 (D. Del. June 26, 2025) (applying California and Delaware law); *Shire ViroPharma Inc.* v. *CSL Behring LLC*, 2021

---

[3] Fed. R. Civ. P. 44.1 is made applicable to this adversary proceeding through Fed. R. Bankr. P. 9017.

4

WL 1227097 (D. Del. Mar. 31, 2021) (discussing US patent law experts).

In contrast, the "[u]se of an expert report to assist the court in its determination of foreign law is entirely different from use of an expert report, pursuant to [Fed. R. Evid. 702], to aid the jury in determining the facts." *Wilmot v. Marriott Hurghada Mgmt., Inc.*, No. CV 15-618-RGA-MPT, 2016 WL 2599092, at *4 (D. Del. May 5, 2016), *report and recommendation adopted*, No. CV 15-618-RGA-MPT, 2016 WL 3457007 (D. Del. June 22, 2016), *aff'd*, 712 F. App'x 200 (3d Cir. 2017) (declining to require evidentiary foundation before relying on expert report on foreign law).

Thus, "a different set of rules and standards apply when foreign law is at issue. . . . an expert may, under Rule 44.1, opine on the ultimate issue of whether a contract is enforceable under foreign law." *Excel Fortress Ltd. v. Wilhelm*, No. CV-17-04297-PHX-DWL, 2019 WL 163252, at *3 (D. Ariz. Jan. 9, 2019); *see also Winn v. Schafer*, 499 F. Supp. 2d 390, 396 n.28 (S.D.N.Y. 2007) ("A court may thus consider a foreign law expert's opinion even on ultimate legal conclusions."); *ID Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc.*, 198 F. Supp. 2d 598, 623 (E.D. Pa. 2002) (same).

In addition to Rule 44.1, Evidence Rule 704 states that "an opinion is not objectionable just because it embraces an ultimate issue." F.R.E. 704. *Fabricant v. Elavon, Inc.*, 2021 WL 1593238, at *3 (C.D. Cal. Mar. 8, 2021) (denying objection to expert declaration). Notably, the De Castro Declaration failed to state that the arbitration clause in the SAFT Agreement was too ambiguous to be enforceable, but, as explained in the Mizrachi Declaration, such a statement would be unsupportable under Panamanian law; thus, the fact that the Mizrachi Declaration was able to support Kurosemi's argument while the De Castro Declaration was unable to support FTX's contention is relevant evidence of foreign law on which the Court may choose to rely in its analysis

of the arbitration clause in the SAFT Agreement. *See* A.D.I. 43 at 6 (noting that "FTX's Panamanian law expert never states that the clause is ambiguous," belying FTX's argument).

While Rule 44.1 and Evidence Rule 704 allow a court to consider even an opinion on ultimate legal conclusions, neither require a court to do so, and a court is free to reject the foreign law expert's conclusions or any other aspect of the opinion it finds unpersuasive. Thus, even when courts disregard a foreign experts legal conclusions after applying foreign law to facts, "courts do not strike experts who offer legal conclusions." *Philips N.V. v. Telitiot Sols., Inc.*, No. CV 20-1708-CFC, 2023 WL 8559025, at *2 (D. Del. Dec. 11, 2023) (citing Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2444 (3d ed.)); *Base Metal Trading SA v. Russian Aluminum*, 253 F. Supp. 2d 681, 700 (S.D.N.Y. 2003), *aff'd sub nom.*, *Base Metal Trading Ltd. v. Russian Aluminum*, 98 F. App'x 47 (2d Cir. 2004) ("The Court must decide what weight, if any, to give to these [foreign law] declarations and to all of the evidence the Court uses in determining Russian law, but the Court will make such a determination rather than to merely strike informative testimony."). Indeed, FTX cites to *In re Alto Maipo SpA* for the proposition that a court may disregard testimony as to an ultimate issue, but that case did not do so, nor even conclude whether the declaration at issue did so opine. 645 B.R. 48, 58 (Bankr. D. Del. 2022) (declining to strike expert declaration purportedly opining on the application of facts to law when it was not necessary for court's dismissal of complaint under *forum non conveniens*).

Even if the Court, in its discretion, declines to rely on aspects of the Mizrachi Declaration, it may rely on the portions it deems helpful in determining Panamanian law. *See Philips N.V.*, 2023 WL 8559025, at *2 (finding it appropriate to rely on portions of foreign law expert declaration that court found proper after finding other portions of declaration improper) (collecting cases). Even if the Court declines to rely on the Mizrachi Declaration's conclusion that FTX and Kurosemi are

6

bound by the arbitration clause in the SAFT Agreement, the remainder of the Mizrachi Declaration provides more than sufficient testimony to support an independent conclusion that the SAFT Agreement's arbitration clause is enforceable under Panamanian law.

**B.   The Mizrachi Declaration Properly Discusses Panamanian Rules on Service of Process.**

FTX's proposed sur-reply also simply confuses the Mizrachi Declaration's testimony regarding Panamanian law on service, objecting that it construed U.S. law. Mot. Ex. A at 3. But the Mizrachi Declaration merely explained that service on Chen Yuheng in California would not be considered good service under Panamanian rules governing service and that, under Panamanian law, Chen Yuheng was not an officer of Kurosemi at the time of service. A.D.I. 43-1 ¶¶ 58-70. The Mizrachi Declaration never opines on U.S. law or the Federal Rules of Civil Procedure. FTX fails to explain why it should be allowed to file a sur-reply attacking the Mizrachi Declaration for testimony on U.S. law that it plainly does not contain. Moreover, FTX's evidentiary argument fails to change the analysis provided in the Motion to Dismiss and Reply showing that service on Kurosemi's *former* CEO in California was ineffective. *See In re Hechinger Inv. Co. of Del., Inc.*, 308 B.R. 683, 687 (Bankr. D. Del. 2003) (finding service was defective where plaintiff served former CEO of defendant).

FTX's proposed sur-reply contains a similarly misplaced argument as to service of process in Panama. Mot. Ex. A at 4-5. The Mizrachi Declaration explains the effect of the IACAP *on Panamanian* law and Panamanian rules related to service of process. A.D.I. 43-1 ¶¶ 74-75. In its Opposition, FTX described its attempt to serve Kurosemi in Panama after the Motion to Dismiss was filed, explaining that it delivered process by "Fed Ex, DHL and personal service . . . on (i) Defendant's Panama address listed in the SAFT for notices to Defendant and on Defendant's proof of debt form, and (ii) on Defendant's resident agent in Panama listed in Defendant's articles

7

of incorporation." A.D.I. 34 at 32 n.13. FTX failed to explain how such service was permitted under U.S. or Panamanian law, such as for service according to local law under Rule 4(f)(2)(a), and failed to attach any return of service showing how service was allegedly completed. *Id.*; *see* Fed. R. Civ. P. 4(h) (listing options for serving foreign corporation and referencing Rule 4(f)). FTX cannot now complain that Kurosemi's expert has explained Panamanian rules governing service of process as well as Panama's procedures under the IACAP. A.D.I. 43-1 ¶¶ 69-76.

FTX cites to *Kreimerman v. Casa Veerkamp, S.A. de C.V.* for the proposition that the IACAP does not preempt other methods of service, but *Kreimerman* expressly held that, even if the Convention was not exclusive, that "does not, however, guarantee the availability or efficacy of other methods of service." 22 F.3d 634, 644 (5th Cir. 1994). The adequacy of its new service in Panama is something FTX should have addressed in its Opposition, not an argument to be shoehorned into a sur-reply.

Similarly, FTX cites to *Pizzabiocche v. Vinelli*, 772 F. Supp. 1245, 1249 (M.D. Fla. 1991) for the proposition that Rule 4 authorizes other methods of services beyond the Convention. But, again, FTX has failed to show that it served Kurosemi under any other method provided by Rule 4(f) and (h). *See* Fed. R. Civ. P. 4(h)(2) (expressly prohibiting personal service on a foreign corporation). In any case, the proposed sur-reply does nothing to cure FTX's deficient service, and does not assist the court in determining whether the service was appropriate under Panamanian law.

### III. THIS COURT CAN AND SHOULD CONSIDER THE 2ND ZHANG DECLARATION.

FTX argues that the 2nd Zhang Declaration is improper because it contains purportedly speculative and hearsay testimony.[4] FTX objects to Mr. Zhang's explanations regarding: "(i) why other directors of Defendant 'may' have failed to update LinkedIn profiles reflecting that they still reside or work in the U.S, [and why Yuheng Chen referred to himself as CEO on a proof of claim] (ii) why Defendant's LinkedIn profile states that Defendant was headquartered in San Francisco, and (iii) why Defendant's press releases were issued out of New York and Los Angeles." Mot. at 3-4 (citing 2nd Zhang Decl. ¶¶ 2, 3, 10). But the 2nd Zhang Declaration explains that each statement is based on Mr. Zhang's personal knowledge, and the content to which FTX objects does not refer to information told to him by others. *See* A.D.I. 43-2.

Indeed, Mr. Zhang, as co-founder and director of Kurosemi, is in a position to know about Kurosemi's LinkedIn profile, press releases, and his colleagues' whereabouts. *See* A.D.I. 17 ¶¶ 1, 4. What FTX's objection boils down to is not really that the 2nd Zhang Declaration is speculation or hearsay, but that it is not as detailed as FTX would prefer. *E.g.,* Mot. Ex. A. at 8 (complaining that Mr. Zhang did not sufficiently explain how "he is competent to testify about how the locations on LinkedIn pages and press releases might be generated"). But a corporate executive and director is not required to detail how he learned of every fact he knows about a corporation. *See Qorvo, Inc. v. Akoustis Techs., Inc.*, No. 1:21-cv-01417-JPM, 2024 U.S. Dist. LEXIS 237641, at *7 (D. Del. Aug. 28, 2024) (corporate representative need not "include a detailed description of how a declarant gained personal knowledge of a given fact"); *Wiegand v. Driscoll*, No. 1:17-CV-979,

---

[4] The accusation of speculation is ironic, as the effect of the 2nd Zhang Declaration is to dispel the speculative declarations on which FTX's Opposition relies. *See* A.D.I. 43 at 15 (explaining how the Opposition misconstrued disconnected references to locations in the U.S. in online content).

9

2025 U.S. Dist. LEXIS 213762, at *15 (M.D. Pa. Oct. 30, 2025) ("A declarant can develop personal knowledge by reviewing records on matters with which [he or] she would be familiar.").

FTX's case law in support of this proposition is unpersuasive and distinguishable. For example, in *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, the court analyzed the *plaintiff's* burden of proof when personal jurisdiction has been challenged on a motion to dismiss. 263 F. Supp. 3d 498, 506 (D. Del. 2017) (dismissing complaint where plaintiff failed to present evidence in response to motion to dismiss for lack of personal jurisdiction); *Ne. Revenue Servs., LLC v. Maps Indeed, Inc.*, 2015 WL 1963170, at *10-13 (M.D. Pa. Apr. 30, 2015) (same). Similarly, in *Warman v. Loc. Yokels Fudge, LLC*, 2024 WL 1285941, at *7-10 (W.D. Pa. Mar. 26, 2024) the court was analyzing the *plaintiff's* burden of proof to obtain a permanent injunction. Accordingly, there is no basis to rely on these cases to reject *Defendant's* factual assertion.

Even if this Court chose not to consider the portions of the 2nd Zhang Declaration to which FTX objects, FTX would still fail to meet its burden to prove Kurosemi is subject to personal jurisdiction in this Court. In its Motion, FTX challenges the portions of the declaration related to the LinkedIn profiles of Kurosemi and its directors. For example, as pointed out in the Reply, LinkedIn profiles are not enough to confer personal jurisdiction. *Rockwell Automation, Inc. v. Eu Automation, Inc.*, 2022 U.S. Dist. LEXIS 100307, *23 (D. Del. June 7, 2022) ("even viewing the facts in the light most favorable to plaintiff," LinkedIn reports insufficient to show jurisdiction); *Gaete v. Arctic Glacier Premium Ice*, 2025 U.S. Dist. LEXIS 35070, *7-8 (E.D. Pa. Feb. 27, 2025) (same). Similarly, as explained above, this argument fails because service on the former CEO of an entity is ineffective, and FTX still cannot show that it served a current officer of Kurosemi when it served process on Chen Yuheng in California. *See* A.D.I. 43. In short, the proposed sur-reply would not change the arguments before the Court related to personal jurisdiction.

**CONCLUSION**

WHEREFORE, for the above reasons, Kurosemi requests that the Court deny the Motion.

Dated: November 26, 2025
       Wilmington, Delaware

Respectfully submitted,

*/s/ Ethan H. Sulik*
R. Stephen McNeill (No. 5210)
Ethan H. Sulik (No. 7270)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Email: rmcneill@potteranderson.com
       esulik@potteranderson.com

-and-

Gregory S. Grossman, Esq. (admitted *pro hac vice*)
Joseph Rome, Esq. (admitted *pro hac vice*)
**SEQUOR LAW**
1111 Brickell Avenue
Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Email: ggrossman@sequorlaw.com
       jrome@sequorlaw.com

*Counsel for Kurosemi Inc.*